# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __WEST VIRGINIA__

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| LENA LUNSFORD | |

Case No.  2:11CR31

USM No.  07967-087

Brian J. Kornbrath
Defendant's Attorney

**THE DEFENDANT:**

X  admitted guilt to violation of __standard, special and mandatory conditions__ of the term of supervision.

☐  was found in violation of _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Unauthorized contact with felon, Dwayne Conaway | 07/22/2013 |
| 2 | Failure to submit monthly payments toward restitution | 06/20/2013 |
| 3 | Failure to submit monthly payments to the Y.W.C.A. | 07/31/2013 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: __6677__

Defendant's Year of Birth  __1982__

City and State of Defendant's Residence:
__Wheeling, WV__

August 20, 2013
Date of Imposition of Judgment

_signature_
Signature of Judge

Honorable John Preston Bailey, Chief U.S. District Judge
Name and Title of Judge

8-21-2013
Date

DEFENDANT: LENA LUNSFORD
CASE NUMBER: 2:11CR31

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 24 days, time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

  ☐ That the defendant be incarcerated at an FCI or a facility as close to home in _____ as possible;
    ☐ and at a facility where the defendant can participate in substance abuse treatment, including the 500-Hour Residential Drug Abuse Treatment Program, as determined by the Bureau of Prisons.

  ☐ That the defendant be allowed to participate in any educational or vocational opportunities while incarcerated, as determined by the Bureau of Prisons.

☐ Pursuant to 42 U.S.C. § 14135A, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the Probation Officer. (DNA previously collected on 07/06/2012)

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

  ☐ on _____, as directed by the United States Marshals Service.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LENA LUNSFORD
CASE NUMBER: 2:11CR31

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 11 months.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the probation officer.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The above drug testing condition is suspended, based on the court's determination that this condition has been satisfied during a previous term of supervision. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon, as defined in 18 U.S.C. § 921. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer unless previously collected by the Bureau of Prisons. (Check, if applicable.) (DNA previously collected on 07/06/2012)
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; however, the defendant is permitted to associate with Dwayne Conaway;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LENA LUNSFORD
CASE NUMBER: 2:11CR31

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall pay any financial penalty that is imposed. It shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Court ordered schedule of payments.

2) The defendant shall immediately begin making restitution payments of $50.00 a month, due on the first of each month. These payments shall be made while on supervised release.

3) The defendant shall provide the probation officer with access to any requested financial information.

4) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

5) The defendant shall participate in a program of testing, counseling and treatment for the use of alcohol or drugs if so ordered by the probation officer.

6) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

7) The defendant shall comply with the Northern District of West Virginia Offender Employment Program which may include participation in training, counseling, and/or daily job search as directed by the Probation Officer. Unless excused for legitimate reasons, if not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the Probation Officer.

8) The defendant shall not associate or reside with any person known to use or possess any substance commonly known as bath salts nor shall the defendant frequent establishments commonly known as head shops where bath salts can be obtained.

9) The defendant shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.

10) The defendant shall not frequent places that sell or distribute synthetic cannabinoids or designer stimulants.

11) The defendant will notify the Court/probation office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessment.

12) The defendant shall pay to the Y.W.C.A. in Wheeling, West Virginia, $480.00 for past due rent/fees for the months of March and April 2013. This is to be paid in monthly installments of $96.00.

13) The defendant shall maintain satisfactory attendance and complete her course of study at the West Virginia Business College in Wheeling, West Virginia.

14) The defendant shall maintain satisfactory attendance and participation for all mental health and substance abuse counseling and treatment.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These standard and/or special conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____                    _____
Defendant's Signature                              Date

_____                    _____
Signature of U.S. Probation Officer/Designated Witness    Date

DEFENDANT: LENA LUNSFORD
CASE NUMBER: 2:11CR31

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 (PIF 5/22/12) | $ 0.00 | $ 522.82 |
|  |  |  | (Balance remaining of $297.82) |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| WVDHHR<br>Attn: Financial Clerk<br>P.O. Box 1268<br>Weston, WV 26452 | $522.82 | $522.82 | 100% |
| **TOTALS** | $ 522.82 | $ 522.82 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X the interest requirement is waived for the ☐ fine X restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LENA LUNSFORD
CASE NUMBER: 2:11CR31

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, ☐ F, or ☐ G below); or

**B** X Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F, or X G below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at this time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during incarceration, it is to be completed by the end of the term of supervised release; or

**G** X Special instructions regarding the payment of criminal monetary penalties:

The defendant shall immediately begin making restitution and/or fine payments of $ __50.00__ per month, due on the first of each month.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Restitution is to be paid joint and several with other related cases convicted in Docket Number(s): _____

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.